2017-059786

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 501500/18

Date of filing: 1/24/18

-------------------------------------------------------X
DULCINA JEUNE, as Administrator of the Estate of
DWAYNE RANDY JEUNE and DULCINA JEUNE,
individually,

Plaintiff designates Kings
County as the place of trial

          Plaintiffs,

Basis of the venue is the Locus
of Occurrence

      -against-

**SUMMONS**

THE CITY OF NEW YORK, POLICE OFFICER
MIGUEL GONZALEZ, POLICE OFFICER ADAM
GIERLACHOWSKI and JOHN AND JANE DOES-Police
Officers as yet unidentified,

Plaintiff resides at
1370 New York Avenue, Apt# 5F
Brooklyn, New York 11210

          Defendants.

County of Kings

-------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

2017PI025700

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in the case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

POLICE OFFICER MIGUEL GONZALEZ
c/o New York City Police Department, 67th
Precinct
2820 Snyder Avenue
Brooklyn, New York 11226

POLICE OFFICER ADAM GIERLACHOWSKI
c/o New York City Police Department, 67th
Precinct
2820 Snyder Avenue
Brooklyn, New York 11226

**Plaintiff's attorneys:**

RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

Dated: Brooklyn, New York
      January 18, 2018

7/31/17

SUPREME COURT STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------X
DULCINA JEUNE, as Administrator of the Estate of
DWAYNE RANDY JEUNE and DULCINA JEUNE,
individually,

Index No.: 501500/18

COMPLAINT

            Plaintiffs,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
MIGUEL GONZALEZ, POLICE OFFICER ADAM
GIERLACHOWSKI and JOHN AND JANE DOES-Police
Officers as yet unidentified,

            Defendants.
-------------------------------------------X

       The plaintiff, DULCINA JEUNE, by her attorneys, RUBENSTEIN & RYNECKI, ESQS.,
complaining of the defendants herein, upon information and belief, respectfully show to this Court,
and allege as follows:

## THE PARTIES AND FACTUAL ALLEGATIONS

      1.     That at the time of his death on July 31, 2017, and at all times hereinafter
mentioned, plaintiff decedent, DWAYNE RANDY JEUNE, was a resident of the County of
Kings, City and State of New York.

      2.     The plaintiff, DULCINA JEUNE, was the Mother of the decedent, DWAYNE
RANDY JEUNE, and a resident of the County of Kings, City and State of New York.

      3.     That prior to the commencement of this action, DULCINA JEUNE, was appointed
as administrator for the Estate of DWAYNE RANDY JEUNE, decedent, by Order of the
Honorable Margarita Lopez Torres, a Surrogate of the County of Kings dated September 29,
2017.

      4.     The cause of action herein alleged arose in the County of Kings, City and State
of New York.

      5.     That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned
was a municipal corporation duly organized and existing by virtue of the laws of the State of New

York.

6.    That the defendant THE CITY OF NEW YORK maintains a police force known as the  NEW YORK CITY POLICE DEPARTMENT.

7.    That prior hereto on October 6, 2017, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, was served and that thereafter the CITY OF NEW YORK,  refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

8.    That on October 18, 2017, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff, DULCINA JEUNE, was held.

9.    That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendant, THE CITY OF NEW YORK, employed  POLICE OFFICER MIGUEL GONZALEZ, as an agent, servant and/or employee.

10.    That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendant, THE CITY OF NEW YORK, employed POLICE OFFICER ADAM GIERLACHOWSKI, as an agent, servant and/or employee.

11.    That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendant, THE CITY OF NEW YORK, employed JOHN AND JANE DOES-Police Officers as yet unidentified, as agents, servants and/or employees.

12.    That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the plaintiff, decedent, DWAYNE RANDY JEUNE , was lawfully present inside the  premises known as 1370 New York Avenue, County of Kings, City and State of New York.

13.    That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, a telephone call was placed to the 911 system of the City of New York, regarding an emotionally disturbed individual at 1370 New York Avenue, County of Kings, City

and State of New York.

14.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, a telephone call was received by the 911 emergency system of the City of New York, requesting assistance at 1370 New York Avenue, County of Kings, City and State of New York, relating to the emotionally disturbed individual.

15.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the City of New York, employed a specifically trained unit of the New York City Police Department, known as the Emergency Services Unit.

16.     That on July 31, 2017, and for sometime prior thereto, the emergency services unit of the New York City Police Department, were trained to handle situations relating to emotionally disturbed individuals.

17.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were not assigned to the emergency services unit of the New York City Police Department.

18.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the defendant, POLICE OFFICER MIGUEL GONZALEZ, was not trained in dealing with and responding to a request for assistance in situations dealing with an emotionally disturbed individual.

19.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the defendant, POLICE OFFICER ADAM GIERLACHOWSKI, was not trained in dealing with and responding to a request for assistance in situations dealing with an emotionally disturbed individual.

20.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were dispatched to and arrived at the aforementioned premises to respond to a call requesting

assistance relating to the decedent plaintiff, DWAYNE RANDY JEUNE, an emotionally disturbed individual.

21.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the defendants, POLICE OFFICER MIGUEL GONZALEZ and POLICE OFFICER ADAM GIERLACHOWSKI, were not properly trained to respond to a call requiring assistance for emotionally disturbed individuals.

22.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the defendants, POLICE OFFICER MIGUEL GONZALEZ and POLICE OFFICER ADAM GIERLACHOWSKI, were not properly trained to provide assistance and/or respond to calls requiring assistance relating to emotionally disturbed individuals.

23.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, responded to a call requesting assistance with an emotionally disturbed individual inside the aforementioned premises where the emotionally disturbed individual was the decedent plaintiff, DWAYNE RANDY JEUNE, inside the aforesaid residence.

24.     That the defendant, POLICE OFFICER ADAM GIERLACHOWSKI, armed with a taser and/or other conductive energy device discharged his device striking the decedent plaintiff, DWAYNE RANDY JEUNE, while acting within the scope of his employment with the defendant, THE CITY OF NEW YORK.

25.     Thereafter, the decedent plaintiff, DWAYNE RANDY JEUNE, was tased, he was thereafter assaulted and battered by the defendants, JOHN AND JANE DOES-Police Officers as yet unidentified.

26.     The decedent plaintiff, DWAYNE RANDY JEUNE, was thereafter shot approximately five (5) times with a firearm and/or service weapon used and discharged by the defendant, POLICE OFFICER MIGUEL GONZALEZ, which resulted in his death at the aforesaid premises.

27.    That the use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was without reason or provocation.

28.    That the use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was without probable cause.

29.    The aforementioned use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willfully.

30.    The aforementioned use of a taser and/or other conductive energy device  on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed negligently and recklessly.

31.    The aforementioned shooting of the decedent plaintiff, DWAYNE RANDY JEUNE, was performed without reason or provocation.

32.    The aforementioned shooting on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed without probable cause.

33.    The aforementioned shooting on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willfully.

34.    The aforementioned shooting on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed negligently and recklessly.

35.    The aforementioned assault, battery, discharge of a taser and/or another conductive energy device and discharge of a firearm and/or service weapon resulted in the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

36.    The use of the taser by the defendant,  POLICE OFFICER  ADAM GIERLACHOWSKI, was outside the scope of tactics and/or actions that a reasonably prudent and properly trained police officer should have used under the circumstances.

37.    The discharge of the firearm by the defendant, POLICE OFFICER MIGUEL GONZALEZ, was outside the scope of tactics and/or actions that a reasonably prudent and properly trained police officer should have used under the circumstances.

38.     At no time during the events described above or as the events occurred did the defendant, POLICE OFFICER MIGUEL GONZALEZ, have probable cause to use and discharge his firearm and/or service weapon upon the decedent plaintiff, DWAYNE RANDY JEUNE.

39.     At no time during the events described above or as the events occurred did the defendant, POLICE OFFICER ADAM GIERLACHOWSKI, have probable cause to use a taser and/or another conductive energy device upon the decedent plaintiff, DWAYNE RANDY JEUNE.

40.     The actions of defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were performed within the scope of their employment and authority for whose acts the defendant, THE CITY OF NEW YORK, are liable under the doctrine of respondeat superior.

41.     The actions of the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were performed within the scope of their employment and authority for whose acts the defendant, THE CITY OF NEW YORK, is responsible for and the events occurred in a negligent, careless and reckless manner so as to result in the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

42.     By reason of said assault, battery, the use of a Taser and/or other conductive energy device and the use of a firearm and/or service weapon, the decedent plaintiff, DWAYNE RANDY JEUNE, was caused to suffer severe physical injuries and pain and suffering including pre-death pain and suffering; emotional and psychological distress and horror as a result of the negligence of the defendants herein.

### AS AND FOR A FIRST CAUSE OF ACTION FOR FOR ASSAULT AND BATTERY ON BEHALF OF DULCINA JEUNE, AS ADMINISTRATOR OF THE ESTATE OF DWAYNE RANDY JEUNE

43.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "42" herein, as though more fully set forth herein at length.

44.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the plaintiff, decedent, DWAYNE RANDY JEUNE , was lawfully present inside the premises known as 1370 New York Avenue, County of Kings, City and State of New York.

45.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, responded to call requesting assistance with an emotionally disturbed individual, the decedent plaintiff, DWAYNE RANDY JEUNE.

46.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, arrived at the aforementioned premises responding to the 911 call of plaintiff, DULCINA JEUNE, requesting assistance with the decedent plaintiff, DWAYNE RANDY JEUNE, an emotionally disturbed individual.

47.     While at the aforementioned premises, the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, did not act as a reasonably prudent and properly trained police officer should have under the circumstances at the aforementioned premises.

48.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, confronted the decedent plaintiff, DWAYNE RANDY JEUNE, an emotionally disturbed individual.

49.     That the defendant, POLICE OFFICER ADAM GIERLACHOWSKI, armed with a taser and/or other conductive energy device discharged his device striking the decedent plaintiff, DWAYNE RANDY JEUNE, while acting within the scope of his employment with the defendant, THE CITY OF NEW YORK.

50.     The decedent plaintiff, DWAYNE RANDY JEUNE, was thereafter shot approximately five (5) times with a firearm and/or service weapon discharged by the defendant, POLICE OFFICER MIGUEL GONZALEZ, which resulted in the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

51.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the discharge of a taser and/or other conductive energy device by POLICE OFFICER ADAM GIERLACHOWSKI, upon the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willingly.

52.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the shooting with a firearm and/or service weapon by the defendant, POLICE OFFICER MIGUEL GONZALEZ, upon the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willingly.

53.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the defendants, POLICE OFFICER MIGUEL GONZALEZ and POLICE OFFICER ADAM GIERLACHOWSKI, who committed the aforementioned assault, battery, discharge of a taser and/or another conductive energy device and discharge of a firearm and/or service weapon upon the decedent plaintiff, DWAYNE RANDY JEUNE, which resulted in his death, were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK.

54.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the assault, battery, discharge of a taser and/or another conductive energy device and discharge of a firearm and/or service weapon upon the decedent plaintiff, DWAYNE RANDY JEUNE, was without probable cause.

55.     By reason of said assault, battery, discharge of a taser and/or another conductive energy device and discharge of a firearm and/or service weapon upon the decedent plaintiff, DWAYNE RANDY JEUNE, was caused to suffer severe physical injuries and pain and suffering including pre-death pain and suffering; emotional and psychological distress and horror as a result of the negligence of the defendants herein.

56.     That the actions of the defendants were not in conformity with how a reasonably prudent and properly trained police officer should have acted under the circumstances.

57.     By reason of the foregoing, the plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK, including, but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum  exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR WRONGFUL DEATH  ON BEHALF OF DULCINA JEUNE, AS ADMINISTRATOR OF THE ESTATE  OF DWAYNE RANDY-JEUNE

58.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "57" herein, as though more fully set forth herein at length.

59.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the decedent plaintiff, DWAYNE RANDY JEUNE, was lawfully at the aforesaid location when he was assaulted, battered and struck by a taser and/or other conductive energy device and shot multiple times which resulted in his death by defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM  GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, while acting within the scope of their employment with the defendant, THE CITY OF NEW YORK.

60.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief, the decedent plaintiff, DWAYNE RANDY JEUNE, was lawfully at the aforesaid location when he was shot multiple times which resulted in his death by defendants, POLICE OFFICER MIGUEL GONZALEZ, while acting within the scope of his employment with the defendant, THE CITY OF NEW YORK.

61.     That the use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was without reason or provocation.

62.     That the use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was without probable cause.

63.     The aforementioned use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willfully.

64.     The aforementioned use of a taser and/or other conductive energy device on the decedent plaintiff, DWAYNE RANDY JEUNE, was performed negligently and recklessly.

65.     The aforementioned shooting of the decedent plaintiff, DWAYNE RANDY JEUNE, was performed without reason or provocation.

66.     The aforementioned shooting of the decedent plaintiff, DWAYNE RANDY JEUNE, was performed without probable cause.

67.     The aforementioned shooting of the decedent plaintiff, DWAYNE RANDY JEUNE, was performed knowingly, intentionally and willfully.

68.     The aforementioned shooting of the decedent plaintiff, DWAYNE RANDY JEUNE, was performed negligently and recklessly.

69.     The aforementioned assault, battery, discharge of a taser and/or another conductive energy device and discharge of a firearm and/or service weapon resulted in the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

70.     That at all times hereinafter mentioned, defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, engaged in the actions and conduct alleged herein in their official capacity as New York City Police Officer and under the color and authority of State law, regulation, ordinance, custom, and usage.

71.     That the aforementioned wrongful death of the decedent plaintiff, DWAYNE RANDY JEUNE, was caused due to the negligence, carelessness and recklessness of the defendants in actions they took as police officers while responding to a call requiring assistance with an emotionally disturbed individual.

72.     That the aforementioned wrongful death of the  the decedent plaintiff, DWAYNE RANDY JEUNE, was caused by the defendant, THE CITY OF NEW YORK, in allowing or causing improperly trained police officers  to respond to a call relating to an emotionally disturbed individual, for which the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM  GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were not properly trained to respond.

73.     By reason of the foregoing, the plaintiff, DULCINA JEUNE,  as  Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for wrongful death against the defendants, THE CITY OF NEW YORK, including, but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM  GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the  jurisdictional limits of all the lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF DULCINA JEUNE, AS  ADMINISTRATOR OF THE ESTATE  OF DWAYNE RANDY JEUNE

74.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "73" herein, as though more fully set forth herein at length.

75.     That said incident and the injuries and death of the decedent plaintiff, DWAYNE RANDY JEUNE, as a result of the use of a taser and/or another conductive energy device and discharge of a firearm upon the  decedent plaintiff, DWAYNE RANDY JEUNE, was caused solely by the negligence, carelessness, and recklessness of defendant, THE CITY OF NEW YORK, through its agents, servants, employees and the police officers involved, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM  GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, both directly and  vicariously.

76.     That on July 31, 2017 and for sometime prior to the City of New York and the New York City Police Department, had in place procedures and protocol to be used and followed

when the 911 call system received a telephone call requesting assistance with an emotionally disturbed individual.

77.     That on July 31, 2017, the City of New York and the New York City Police Department, received a call requesting assistance at 1370 New York Avenue, relating to an emotionally disturbed individual.

78.     That on July 31, 2017, the City of New York and/or the New York City Police Department, were under a duty to follow the proper procedure and protocol then in place relating to and responding to a request for assistance relating to an emotionally disturbed individual.

79.     That on July 31, 2017, the defendants were negligent, reckless and careless relating to their response to a request seeking assistance for an emotionally disturbed individual at 1370 New York Avenue, County of Kings, City and State of New York.

80.     Such negligence consisted of failing to have properly trained police officers respond to a call requesting assistance for an emotionally disturbed individual; failing to properly and timely dispatch members of the Emergency Services Unit of the New York City Police Department to the call requesting assistance at 1370 New York Avenue, with an emotionally disturbed individual; failing to follow proper guidelines, procedure and protocol in responding to a request for assistance with an emotionally disturbed individual; such negligence consisted of negligence in training, hiring, supervision and retention of the police officers involved in this incident; in failing to properly train police officer, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, in the use and the discharge of a firearm and/or service weapon; in failing to observe the existing police department protocols for police officers designed to govern the use of deadly lethal force and the use of a firearm and/or service weapon causing serious injuries both physical and emotional resulting in death, conscious pain and suffering, pre impact terror arising and resulting from the use of a firearm and/or service weapon on the plaintiff and further; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers; failing to properly investigate their background; in failing to train and instruct police

officers, especially regarding the use and abuse of power while in the field; in failing to give police officers proper instructions on the use of force, use of a firearm and/or service weapon including improper discharge of said weapon, more specifically with regard to their training as to the use of a firearm and/or service weapon in public; improperly supervised police officers in the field; failing to properly supervise the officers in the field, including the officers, the staff, administration and processing of persons suspected of violating laws of this State which allowed the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

81.    Such negligence consisted of failing to have properly trained police officers respond to a call requesting assistance for an emotionally disturbed individual; failing to properly and timely dispatch members of the Emergency Services Unit of the New York City Police Department to the call requesting assistance at 1370 New York Avenue, with an emotionally disturbed individual; failing to follow proper guidelines, procedure and protocol in responding to a request for assistance with an emotionally disturbed individual and further; such negligence consisted of negligence in training, hiring, supervision and retention of the police officers involved in this incident; in failing to properly train police officer, including but not limited to POLICE OFFICER ADAM GIERLACHOWSKI, in the use and operation of a taser gun/ or another conductive energy device; in failing to observe the existing police department protocols for police officers designed to govern the use of deadly lethal force and the use and discharge of a taser causing serious injuries both physical and emotional resulting in death, conscious pain and suffering, pre impact terror arising and resulting from the use of a taser and/or another conductive energy device on the plaintiff and further; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers; failing to properly investigate their background; in failing to train and instruct police officers, especially regarding the use and abuse of power while in the field; in failing to give police officers proper instructions on the use of force, use of a taser gun/ or other conductive energy device including proper discharge of said weapons, more specifically with regard to their training as to the use of a taser and/or other conductive energy device in public;

improperly supervised police officers in the field; failing to properly supervise the officers in the field, including the officers, the staff, administration and processing of persons suspected of violating laws of this State which allowed the death of the decedent plaintiff, DWAYNE RANDY JEUNE.

82.     Such negligence consisted of negligence in the training, hiring, supervision and retention of the police officers involved in this incident; in failing to properly train police officers, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, with regards to proper conduct and responses under a variety of situations, including but not limited to handling situations involving emotionally disturbed persons; in failing to properly supervise officers in the field, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, relating specifically to the decedent plaintiff, DWAYNE RANDY JEUNE, resulting in his death after he was assaulted, battered, tasered and shot with a firearm and/or service weapon by the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified; in failing to implement and allow the appropriate system for dispatching officers, including the officers herein, to handle situations involving emotionally disturbed persons, specifically decedent plaintiff, DWAYNE RANDY JEUNE, who was assaulted, battered, struck by taser and/or other conductive energy device and shot with a firearm and/or service weapon which ultimately led to his death.

83.     The defendant, THE CITY OF NEW YORK, through its agents, servants, employees and the police officers involved, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were negligent, reckless and careless in their deportment of their duties as police officers in dealing with the decedent plaintiff, DWAYNE RANDY JEUNE, an emotionally disturbed individual.

84.     As the result of said negligence, the decedent plaintiff, DWAYNE RANDY JEUNE, was caused to suffer severe physical injuries and pain resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

85.     By reason of the foregoing, the plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for negligence against the defendants, THE CITY OF NEW YORK, including, but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND AND RETENTION ON BEHALF OF DULCINA JEUNE, AS ADMINISTRATOR OF THE ESTATE OF DWAYNE RANDY JEUNE

86.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "85" herein, as though more fully set forth herein at length.

87.     That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, who assaulted, battered and improperly used a taser and/or other conductive energy device and discharged a firearm and/or service weapon upon the decedent plaintiff, DWAYNE RANDY JEUNE, who suffered injuries which ultimately led to his death.

88.     That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE

DOES-Police Officers as yet unidentified, who failed to act as reasonably prudent police officers would have under the circumstances when dealing with a emotionally disturbed individual, the decedent plaintiff, DWAYNE RANDY JEUNE, who suffered injuries which ultimately resulted in his death.

89.     That the defendant, THE CITY OF NEW YORK, had prior knowledge of the inappropriate, unlawful, and improper conduct and training of the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, whose names are not known or identified, and continued to employ them and allowed them to be in contact with the public at large and more specifically allowed them to respond to the calls related to an emotional disturbed individual.

90.     By reason of the foregoing, the plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK, including, but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF DULCINA JEUNE, AS ADMINISTRATOR OF THE ESTATE OF DWAYNE RANDY JEUNE

91.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "90" herein, as though more fully set forth herein at length.

92.     That the defendant, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, through policies, practices and customs, directly caused the constitutional violations suffered by decedent plaintiff, DWAYNE

RANDY JEUNE.

93.     That the defendant, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

94.     That the defendant, THE CITY OF NEW YORK, has failed to properly train and supervise the police officers in dealing with emotionally disturbed individuals, despite having been placed on notice of the need to do so and their failure to complete proper training.

95.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief,  the defendant, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, were aware that these individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

96.     That on July 31, 2017, and at all times hereinafter mentioned and upon information and belief,  the defendant, THE CITY OF NEW YORK, was aware that their police officers were not properly trained to deal with emotionally disturbed individuals yet continued  to assign and permit these officers to respond to a situation involving an emotionally disturbed individual and violated the constitutional rights of the decedent plaintiff, DWAYNE RANDY JEUNE.

97.     By reason of the foregoing, the plaintiff, DULCINA JEUNE, as  Administrator of the Estate of DWAYNE RANDY JEUNE,  demands judgment for civil rights violation against the defendants, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AS TO
DEFENDANTS,  POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER
ADAM GIERLACHOWSKI and JOHN AND JANE DOES-POLICE OFFICERS,
WHOSE NAMES, AS YET UNIDENTIFIED, ON BEHALF OF DULCINA JEUNE,
AS ADMINISTRATOR OF THE ESTATE  OF DWAYNE RANDY JEUNE**

98.     That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "97" herein, as though more fully set forth herein at length.

99.     The actions of the defendants, POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, herein-above alleged, were  malicious, willful and grossly negligent.

100.    The defendants,  POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, committed the unlawful and negligent acts herein-above alleged, after the use a taser and/or other conductive energy device and discharge a firearm and/or service weapon on the decedent plaintiff, DWAYNE RANDY JEUNE, which ultimately led to his death.

101.    By reason of the foregoing, the plaintiff, DULCINA JEUNE,  as  Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for punitive damages against the defendants, THE CITY OF NEW YORK, including, but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS
OF SERVICES  ON BEHALF OF DULCINA JEUNE,  AS
ADMINISTRATOR  OF THE  ESTATE OF DWAYNE RANDY JEUNE**

102.    That at all times hereinafter mentioned, the plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "101" herein, as though more fully set forth herein at length.

103.   That at all times hereinafter mentioned, the plaintiff, DULCINA JEUNE, was the Mother of the decedent plaintiff, DWAYNE RANDY JEUNE, and as such plaintiff, DULCINA JEUNE, was entitled to the society and services of the decedent plaintiff, DWAYNE RANDY JEUNE.

104.   By reason of the aforementioned negligence of the defendants, the plaintiff, DULCINA JEUNE, was deprived of the society and services of the decedent plaintiff, DWAYNE RANDY JEUNE, and shall forever be deprived of said society and services.

105.   As a result of the aforementioned negligence, the plaintiff, DULCINA JEUNE, has expended diverse sums of money in payment of the expenses incurred for the decedent plaintiff, DWAYNE RANDY JEUNE.

106.   By reason of the foregoing, the plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, demands judgment for loss of services against the defendants, THE CITY OF NEW YORK, including but not limited to POLICE OFFICER MIGUEL GONZALEZ, POLICE OFFICER ADAM GIERLACHOWSKI and JOHN AND JANE DOES-Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

**WHEREFORE**, plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, for **assault and battery** demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the **First Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, **for wrongful death** demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the **Second Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, for **negligence** demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the **Third Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, for **negligent hiring and retention** demands judgment against the defendants in an

amount exceeding the jurisdictional limits of all lower Courts on the **Fourth Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, for **civil rights violation** demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, for **punitive damages** demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the **Sixth Cause** of Action; plaintiff, DULCINA JEUNE, as Administrator of the Estate of DWAYNE RANDY JEUNE, deceased, for **loss of services**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Seventh** Cause of Action; together with attorneys' fees, and the costs and disbursements of this action.

DATED:   Brooklyn, New York
         January 18, 2018

Yours, etc.,

SANFORD A. RUBENSTEIN, ESQ.
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020
File No.: 17DJ07-31

## **INDIVIDUAL VERIFICATION**

STATE OF NEW YORK   )

                                        ) SS:

COUNTY OF KINGS       )

        DULCINA JEUNE, being duly sworn, deposes and says, that deponent is the Administrator of the Estate of DWAYNE RANDY, in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                        DULCINA JEUNE

Sworn to before me this 19th
day of January, 2018

NOTARY PUBLIC

                      **YULIYA GONIKMAN**
               Notary Public, State of New York
                   No. 01GO6289450
                Qualified in Kings County
         My Commission Expires 09/30/2021